UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID JONES,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　　No. 3:14 CV 1875
　　　　　　　　　　　　　　　　　　　　)
INDIANA DEPT. OF CORRECTION, *et al.*,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

## OPINION AND ORDER

David Jones, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant State prison officials are garnishing his inmate trust account to pay the medical bills of an inmate whom he injured. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was

due."). Here, Jones is alleging the defendants are taking his money. However, because the State of Indiana provides him with a means to obtain redress for his loss, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment.

For the foregoing reasons this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 1, 2014

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT